Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs*
*Janssen Pharmaceuticals, Inc. and*
*Janssen Pharmaceutica NV*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JANSSEN PHARMACEUTICALS, INC. and
JANSSEN PHARMACEUTICA NV,

                              *Plaintiffs*,

          v.

EUGIA PHARMA SPECIALTIES LTD., EUGIA
US, LLC, and AUROBINDO PHARMA USA,
INC.,

                              *Defendants*.

Civil Action No. _____

**COMPLAINT FOR PATENT
INFRINGEMENT**

**(Filed Electronically)**

Plaintiffs Janssen Pharmaceuticals, Inc. ("JPI") and Janssen Pharmaceutica NV ("JPN") (collectively "Plaintiffs" or "Janssen"), for their Complaint against Defendants Eugia Pharma Specialities Ltd. ("Eugia Ltd."), Eugia US, LLC. ("Eugia US") and Aurobindo Pharma USA, Inc., ("Aurobindo USA") (collectively "Eugia" or "Defendants") hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 9,439,906 (the "906 Patent").

2. This action relates to the submission of Abbreviated New Drug Application ("ANDA") No. 221305 by Eugia Ltd. to the United States Food and Drug Administration ("FDA") seeking approval to market proposed generic versions of JPI's Invega Sustenna brand products ("Eugia's Proposed Generic Products") prior to the expiration of the 906 Patent.

## THE PARTIES

3. JPI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4. JPN is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, B-2340, Beerse, Belgium.

5. On information and belief, Eugia Ltd. is a corporation organized and existing under the laws of the Republic of India, having a place of business at Galaxy, Floors: 22-24, Plot No.1, Survey No.83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Ranga Reddy District, Hyderabad - 500032, Telangana, India, and is a wholly-owned subsidiary of Aurobindo Pharma, Ltd.

6. On information and belief, Eugia US is a corporation organized and existing under the laws of Delaware, having a place of business at 279 Princeton Hightstown Rd, East Windsor, New Jersey 08520. Upon information and belief, Eugia US is an agent or affiliate of Eugia, Ltd., and is a wholly-owned subsidiary of Aurobindo Pharma, Ltd.

7. On information and belief, Aurobindo USA is a corporation organized and existing under the laws of Delaware, having a place of business at 279 Princeton Hightstown Rd, East Windsor, New Jersey 08520. On information and belief, Aurobindo USA is a wholly-owned subsidiary of Aurobindo Pharma, Ltd.

8. On information and belief, Eugia Ltd., Eugia US, and Aurobindo USA are pharmaceutical companies that develop, manufacture, market, and distribute pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

9. On information and belief, Eugia USA, Eugia Ltd., and Aurobindo USA are acting in concert to develop, manufacture, market, and/or distribute generic pharmaceutical products, including the proposed generic version of Invega Sustenna described in ANDA No. 221305, for sale in the State of New Jersey and throughout the United States.

10. On information and belief, Eugia USA, Eugia Ltd., and Aurobindo USA, along with other affiliates of Aurobindo USA, hold themselves out as a single entity for the purposes of manufacturing, selling, marketing, distribution, and importation of generic drug products in New Jersey and throughout the United States.

11. On information and belief, Eugia USA, Eugia Ltd., and Aurobindo USA are agents of and/or are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing and/or selling pharmaceutical products throughout the

United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 221305.

12.    On information and belief, Eugia Ltd., together with its affiliates and/or agents Eugia US and Aurobindo USA, filed Eugia's ANDA No. 221305 with the FDA that is at issue in this patent infringement suit.

13.    On information and belief, Eugia Ltd. is acting on behalf of itself and on behalf of Eugia US and Aurobindo USA with respect to Eugia's ANDA No. 221305.

## JURISDICTION AND VENUE

14.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271(e)(2), including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.    This Court has personal jurisdiction over Eugia Ltd., Eugia US, and Aurobindo USA because, *inter alia*, they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intend a future course of conduct that include acts of patent infringement in New Jersey.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey.  For example, on information and belief, following approval of ANDA No. 221305, Defendants will make, use, import, sell, and/or offer for sale Eugia's Proposed Generic Products in the United States, including in New Jersey, prior to the expiration of the 906 Patent.

17.    Exercising personal jurisdiction over Defendants in this district would not be unreasonable given their contacts with this district and this district's interest in resolving disputes related to products to be sold in New Jersey.

4

18.    This Court also has personal jurisdiction over Defendants because they have purposefully availed themselves of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey.  On information and belief, Defendants regularly and continuously transact business within New Jersey, either directly or through their affiliates and/or agents, including by selling pharmaceutical products in New Jersey.  On information and belief, Defendants derive substantial revenue from the sale of those products in New Jersey and have availed themselves of the privilege of conducting business within New Jersey.

19.    In addition, on information and belief, Eugia US has substantial, continuous, and systematic contacts with New Jersey, including, but not limited to, maintaining a principal place of business in New Jersey and being registered to conduct business in New Jersey.  On information and belief, Eugia US has an active business entity ID in the State of New Jersey ID No. 0400485691 with a place of business at 279 Princeton Hightstown Rd, East Windsor, New Jersey 08520.  On information and belief, Eugia US is registered as a "Manufacturer and Wholesale" entity with the State of New Jersey Department of Health under Registration No. 5004229.

20.    In addition, on information and belief, Aurobindo USA has substantial, continuous, and systematic contacts with New Jersey, including, but not limited to, maintaining a principal place of business in New Jersey and being registered to conduct business in New Jersey.  On information and belief, Aurobindo USA is registered as a "Wholesale" entity with the State of New Jersey's Department of Health under Registration Nos. 5003120 and 5006312 with a place of business at 279 Princeton Hightstown Rd, East Windsor, New Jersey 08520.  On information and belief, Aurobindo USA is also registered with the State of New Jersey's

Division of Revenue and Enterprise Services as a business operating in the State of New Jersey under Business ID No. 0100921223.

21.    This Court also has personal jurisdiction over Defendants because, *inter alia*, this action arises from their actions directed toward New Jersey.  For example, Eugia Ltd.'s counsel sent a letter dated February 10, 2026 to JPI, a corporation with its principal place of business in this Judicial District, stating that Eugia Ltd. had submitted ANDA No. 221305 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import Eugia's Proposed Generic Products prior to the expiration of the 906 Patent.  If Eugia Ltd. succeeds in obtaining FDA approval, it will sell Eugia's Proposed Generic Products in New Jersey and other states, either directly or through its agents and/or affiliates Eugia US and Aurobindo USA, causing injury to Plaintiffs in New Jersey.

22.    Upon information and belief, Eugia Ltd.'s acts of preparing and filing ANDA No. 221305 and directing notice of its ANDA submission to Plaintiffs were performed at the direction of, with the authorization of, and with the cooperation, participation, assistance, and, at least in part, the benefit of Eugia Ltd.'s agents and/or affiliates, including Eugia US and Aurobindo USA., based in New Jersey.  These are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Eugia's Proposed Generic Products before the expiration of the 906 Patent throughout the United States, including in this Judicial District.  Because defending against an infringement lawsuit such as this is an essential and expected part of a generic ANDA filer's business, Defendants reasonably anticipate being sued in New Jersey.

23.    Eugia Ltd. and Eugia US have consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *Incyte Corp. et*

6

*al v. Eugia Pharma Specialities Limited et al,* No. 1:25-Cv-17833 (D.N.J. Nov 21, 2025);

*Theravance Biopharma R&D IP, LLC et al v. Eugia Pharma Specialities Ltd. et al*, No. 1:25-Cv-

03790 (D.N.J. May 02, 2025); *American Regent, Inc. v. Eugia Pharma Specialities Ltd. et al*,

No. 2:24-Cv-08956 (D.N.J. Sep 05, 2024); *Aragon Pharms., Inc., et al. v. Eugia Pharma*

*Specialities Ltd., et al.,* No. 2-22-cv-03186 (D.N.J. May 26, 2022).

24.    Aurobindo USA has consented to or did not contest the jurisdiction of this

Court in at least the following District of New Jersey actions: *Theravance Biopharma R&D IP,*

*LLC et al v. Eugia Pharma Specialities Ltd. et al*, No. 1:25-Cv-03790 (D.N.J. May 02, 2025);

*Aragon Pharms., Inc., et al. v. Eugia Pharma Specialities Ltd., et al.,* No. 2-22-cv-03186 (D.N.J.

May 26, 2022); *Celgene Corp. v. Aurobindo Pharma Ltd., et al.,* No. 2-21-cv-00624 (D.N.J. Jan.

12, 2021); *Merck Sharp & Dohme BV, et al. v. Aurobindo Pharma USA, Inc., et al.,* No. 2-20-cv-

02576 (D.N.J. Mar. 10, 2020).

25.    Eugia Ltd. and Aurobindo USA have also purposefully availed themselves

of the rights and benefits of New Jersey law by suing or filing counterclaims in the District of

New Jersey repeatedly.  *See, e.g.*, *Medicure Int'l, Inc. v. Aurobindo Pharma Ltd. et al.,* No. 2-21-

cv17534 (D.N.J. Sept. 24, 2021); *Celgene Corp. v. Aurobindo Pharma Ltd., et al.,* No. 2-21-cv-

00624 (D.N.J. Jan. 12, 2021); *Boehringer Ingelheim Pharms., Inc., et al. v. Aurobindo Pharma*

*USA Inc., et al.,* No. 3-17-cv-07887 (D.N.J. Oct. 4, 2017).

26.    In the alternative, this Court has personal jurisdiction over Eugia Ltd.

because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met.

27.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and

1400(b) with respect to Eugia Ltd. because it is a company organized and existing under the laws

of the Republic of India and may be sued in any judicial district.

28.    Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) with respect to Eugia US and Aurobindo USA because, on information and belief, they each have a regular and established place of business in this district and has committed acts of infringement—e.g., preparing and/or submitting ANDA No. 221305 —in this district.

29.    Venue is also proper against Eugia Ltd. and Eugia US because each entity has previously consented to or did not contest venue in patent cases in this Judicial District in at least the following exemplary District of New Jersey actions: *Incyte Corp. et al v. Eugia Pharma Specialities Limited et al,* No. 1:25-Cv-17833 (D.N.J. Nov 21, 2025); *Theravance Biopharma R&D IP, LLC et al v. Eugia Pharma Specialities Ltd. et al*, No. 1:25-Cv-03790 (D.N.J. May 02, 2025); *American Regent, Inc. v. Eugia Pharma Specialities Ltd. et al*, No. 2:24-Cv-08956 (D.N.J. Sep 05, 2024); *Aragon Pharms., Inc., et al. v. Eugia Pharma Specialities Ltd., et al.,* No. 2-22-cv-03186 (D.N.J. May 26, 2022).

30.    Venue is also proper against Aurobindo USA because it has previously consented to or did not contest venue in patent cases in this Judicial District in at least the following exemplary District of New Jersey actions: *Theravance Biopharma R&D IP, LLC et al v. Eugia Pharma Specialities Ltd. et al*, No. 1:25-Cv-03790 (D.N.J. May 02, 2025); *Aragon Pharms., Inc., et al. v. Eugia Pharma Specialities Ltd., et al.,* No. 2-22-cv-03186 (D.N.J. May 26, 2022); *Celgene Corp. v. Aurobindo Pharma Ltd., et al.,* No. 2-21-cv-00624 (D.N.J. Jan. 12, 2021); *Merck Sharp & Dohme BV, et al. v. Aurobindo Pharma USA, Inc., et al.,* No. 2-20-cv-02576 (D.N.J. Mar. 10, 2020).

## THE PATENT-IN-SUIT

31.    On September 13, 2016, the 906 Patent, titled "Dosing Regimen Associated With Long Acting Injectable Paliperidone Esters" was duly and legally issued by the

United States Patent & Trademark Office to JPN as assignee. A copy of the 906 Patent is attached as **Exhibit A**.

32. JPI holds approved NDA No. 022264 for paliperidone palmitate extended-release injectable suspension, which is prescribed and sold under the trademark Invega Sustenna.

33. Pursuant to 21 U.S.C. § 355(b)(1), the 906 Patent is listed in the United States FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering JPI's Invega Sustenna brand paliperidone palmitate extended-release injectable suspension products.

34. Invega Sustenna is indicated for treatment of schizophrenia in adults and treatment of schizoaffective disorder in adults as a monotherapy and as an adjunct to mood stabilizers or antidepressants.

**COUNT I:**
**INFRINGEMENT OF THE 906 PATENT BY**
**EUGIA'S ANDA FOR INVEGA SUSTENNA**

35. Plaintiffs re-allege paragraphs 1-34 as if fully set forth herein.

36. An actual controversy exists between the parties as to whether Defendants' proposed sale of Eugia's Proposed Generic Products infringe claims 1-21 of the '906 Patent.

37. By letter dated February 10, 2026 ("Notice Letter"), Eugia notified Plaintiffs that it had submitted ANDA No. 221305 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). The Notice Letter stated that ANDA No. 221305 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including into the State of New Jersey, of Eugia's Proposed Generic Products prior to the expiration of the 906 Patent. ANDA

9

No. 221305 specifically seeks FDA approval to market generic versions of JPI's Invega Sustenna brand paliperidone palmitate extended-release injectable suspension products in 39 mg, 78 mg, 117 mg, 156 mg, and 234 mg doses prior to the expiration of the 906 Patent.

38.     ANDA No. 221305 includes a Paragraph IV Certification that the claims of the 906 Patent are invalid, unenforceable, and/or not infringed.

39.     Upon information and belief, the Notice Letter was sent to Plaintiffs via overnight mail no earlier than February 10, 2026.

40.     The Notice Letter was subsequently received by Plaintiffs on or about February 12, 2026, and Plaintiffs are commencing this action within 45 days of the date of receipt of the Notice Letter.

41.     The Notice Letter purports to include a Notice of Certification for ANDA No. 221305 under 21 C.F.R. § 314.95(c)(6) as to the 906 Patent.  The Notice Letter did not include a detailed statement of allegations of non-infringement as to any claims of the 906 Patent.

42.     Eugia has actual knowledge of the 906 Patent, as shown by the Notice Letter.

43.     On information and belief, Eugia's Proposed Generic Products, if approved and made, used, offered for sale, or sold within the United States, or imported into the United States, will infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent under at least one of 35 U.S.C. §§ 271(a), (b), and/or (c).

44.     On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed claims 1-21 of the 906 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 221305 seeking approval to manufacture, use, import, offer to sell or sell

10

Eugia's Proposed Generic Products before the expiration date of the 906 Patent.  Upon information and belief, the manufacture, use, import, offer to sell or sale of Eugia's Proposed Generic Products before the expiration date of the 906 Patent would infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent under 35 U.S.C. § 271(e)(2)(A).

45.     On information and belief, upon approval of ANDA No. 221305, physicians and/or patients will directly infringe claims 1-21 of the 906 Patent by use of Eugia's Proposed Generic Products.

46.     On information and belief, upon approval of ANDA No. 221305, Defendants will take active steps to encourage the use of Eugia's Proposed Generic Products by physicians and/or patients with the knowledge and intent that Eugia's Proposed Generic Products will be used by physicians and/or patients in a manner that infringes claims 1-21 of the 906 Patent for the pecuniary benefit of Defendants.  Pursuant to 21 C.F.R. § 314.94, Defendants are required to copy the FDA-approved Invega Sustenna labeling.  The use of Invega Sustenna according to its approved labeling meets the elements of claims 1-21 of the 906 Patent.  Eugia's Proposed Generic Products meet all the formulation elements of claims 17-21.  Defendants specifically intend Eugia's Proposed Generic Products to be used according to its proposed labeling in a manner that infringes claims 1-21 of the 906 Patent.  Upon information and belief, Defendants will thus induce the infringement of claims 1-21 of the 906 Patent.

47.     On information and belief, if the FDA approves ANDA No. 221305, Defendants will sell or offer to sell Eugia's Proposed Generic Products specifically labelled for use in practicing claims 1-21 of the 906 Patent, wherein Eugia's Proposed Generic Products are a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use Eugia's Proposed Generic Products in accordance with the instructions

11

and/or label provided by Defendants in practicing claims 1-21 of the 906 Patent, and wherein Eugia's Proposed Generic Products are not staple articles or commodities of commerce suitable for non-infringing use. Eugia's Proposed Generic Products are specifically designed for use in a manner that infringes claims 1-21 of the 906 Patent. On information and belief, Defendants will thus contribute to the infringement of claims 1-21 of the 906 Patent.

48.     On information and belief, the actions described in this Complaint relating to Eugia's ANDA No. 221305 were done by and for the benefit of Defendants.

49.     Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

50.     The case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A.     Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed claims 1-21 of the 906 Patent through Eugia's submission of ANDA No. 221305 to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell Eugia's Proposed Generic Products identified in this Complaint in the United States before the expiration of the 906 Patent;

B.     Enter judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants' commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Eugia's Proposed Generic Products identified in this Complaint, prior to the expiration of the 906 Patent, constitutes infringement of one or more

12

claims of the 906 Patent under 35 U.S.C. §§ 271(a), (b), or (c);

C.      Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 221305 be a date that is not earlier than the expiration date of the 906 Patent, or such later date as the Court may determine;

D.      Order that Defendants, their affiliates, officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from manufacturing, using, importing, offering for sale, and selling Eugia's Proposed Generic Products identified in this Complaint, and any other product that infringes or contributes to the infringement of the 906 Patent, prior to the expiration of the 906 Patent, or such later date as the Court may determine;

E.      If Defendants engage in the manufacture, use, offer for sale, sale, and/or importation into the United States of Eugia's Proposed Generic Products identified in this Complaint prior to the expiration of the 906 Patent, enter a Judgment awarding damages to Plaintiffs resulting from such infringement with interest;

F.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

G.      Award such further and other relief that the Court deems proper and just.

Dated: March 25, 2026

s/Keith J. Miller

Keith J. Miller (kmiller@rwmlegal.com)
Bradley A. Suiters (bsuiters@rwmlegal.com)
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
(973) 466-2760 (Facsimile)

Of counsel:
Barbara L. Mullin (bmullin@pbwt.com) (*pro hac vice* forthcoming)
Aron Fischer (afischer@pbwt.com) (*pro hac vice* forthcoming)
Andrew D. Cohen (acohen@pbwt.com) (*pro hac vice* forthcoming)
Colleen Anderson (canderson@pbwt.com) (*pro hac vice* forthcoming)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

14

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy in this case is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding, except for *Janssen Pharmaceuticals, Inc. et al v. Pharmascience Inc. et al.*, No. 2:19-cv-21590CCC-LDW (D.N.J.) and *Janssen Pharmaceuticals, Inc., et al. v. Tolmar, Inc.*, Civil Action Nos. 24-1699, 24-1700, 24-1980, 24-2020 in the United States Court of Appeals for the Federal Circuit, which involve the same plaintiffs and the same patent.


Dated:  March 25, 2026

*s/ Keith J. Miller*
Keith J. Miller
Bradley A. Suiters
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey  07102
(973) 690-5400 (Telephone)
(973) 466-2760 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*